UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICKY T. GRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:14-CV-1660 JD |
| v. | ) |
| | ) |
| DR. TIMOTHY BARTH,[1] | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Ricky T. Grady, a *pro se* prisoner, filed a complaint alleging that as a result of a fall in the shower on May 24, 2014, a metal screw or pin is protruding from his left elbow.[2] He also alleges that he has a broken bone, that his arm is swollen, that his arm is hot, and that he is in pain. He states that he has been given a sling and some pain medication. He also states that he has been prescribed physical therapy and a two week pass excusing him from work. However, none of those treatments address his broken bone or the protruding screw or pin. He is concerned that his arm may be infected and at risk of gangrene. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or

---

[1] Grady's complaint states that he is suing one defendant. However, because of the confusing way he completed page two of the complaint form, it appeared to the clerk that he was attempting to sue "Corizon Medical Staff" rather than merely stating that Dr. Timothy Barth is a member of the Corizon Medical Staff. Because it does not appear that he intended to sue Corizon Medical Staff, these anonymous defendants will be dismissed. Moreover, even if he had intended to sue Corizon Medical Staff, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

[2] Screws and/or pins were placed in his elbow during surgery on his arm in 2002.

malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Deliberate indifference is a high standard. Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Moreover, a "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Nevertheless, based on these allegations, Grady has stated a claim for a denial of medical treatment against Dr. Timothy Barth.

Grady asks for compensatory damages and surgery for his arm, but he has not filed a motion seeking preliminary injunctive relief. Nevertheless, even if the court were to construe this complaint as making such a request, it would be denied because "[a] preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008)(quotation marks and citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

2

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Moreover, "[a]n injunction, like any "enforcement action," may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court. *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007); *see also Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (vacating preliminary injunction because defendant had not been served)." *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669 (7th Cir. 2013). Here, Grady's complaint does not provide the court with sufficient information about the details of his medical condition and the treatment he has received to warrant a preliminary injunction. Additionally, until Dr. Timothy Barth has been served, there is no defendant against whom to issue an injunction. Nevertheless, because the alleged facts raise serious questions about whether Grady has an untreated emergency medical problem, the defendant will be ordered to provide medical information about Grady's condition and treatment with his answer. This additional information must be served on Grady and separately filed under seal.

For the foregoing reasons, the court:

(1) **GRANTS** Ricky T. Grady leave to proceed against Dr. Timothy Barth for compensatory damages and injunctive relief for a denial of medical treatment in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Corizon Medical Staff;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Dr. Timothy Barth to the United States Marshals Service along with a copy of the complaint and this order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Timothy Barth by June 24, 2014;

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Timothy Barth respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(7) **ORDERS** Dr. Timothy Barth to serve on Ricky T. Grady and file under seal a statement, by July 8, 2014, describing Grady's medical condition and what treatment he has been provided since May 24, 2014, along with copies of his pertinent medical records.

SO ORDERED.

ENTERED: June 19, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court